IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

IN THE MATTER OF:
O.D., A MINOR                                                                                          PLAINTIFF

V.                                                                              CAUSE NO.: 3:11CV146-SA-SAA

THE ASHLEY HEALTHCARE PLAN                                                                DEFENDANT

MEMORANDUM OPINION

Defendant The Ashley Healthcare Plan (AHP) removed this action from the Chancery Court of Pontotoc County on the grounds that Plaintiff's state court claim is preempted by the civil enforcement provision in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a). Plaintiff has filed a Motion to Remand. For the following reasons, Plaintiff's motion is GRANTED:

*Factual and Procedural Background*

Michael Dillard is an employee of Ashley Furniture Industries, Inc., and a participant in the self-funded Ashley Healthcare Plan (AHP). Michael and his wife, Kimberly, have been appointed Guardians of their minor child by the Pontotoc County Chancery Court in order to pursue a claim on her behalf for personal injuries sustained as a result of a motor vehicle accident. As guardians for their child, the Dillards engaged in settlement negotiations with the insurers and were offered the policy limits of both the negligent driver's motor vehicle insurance as well as their own uninsured/underinsured motorist carrier. In order to effectuate that settlement, Plaintiffs filed a Petition for Authority to Settle Doubtful Claim of Minor with the Chancery Court of Pontotoc County pursuant to the Mississippi Code, which requires Chancery Court approval of all settlements on behalf of minors. The Petition acknowledges that the

Ashley Healthcare Plan paid approximately $33,683.58 toward the minor's medical bills and requests an adjudication of the validity and extent of the lien asserted by AHP.

AHP was served with notice of the Petition for Authority to Settle and hearing set for that matter, however, on the date of the hearing, AHP filed a Notice of Removal asserting the state court action fell within the scope of ERISA's civil enforcement statutes, thereby preempting Plaintiff's claims.

Plaintiff has filed a Motion to Remand [7] asserting that ERISA does not preempt Mississippi law requiring court approval of a minor's settlement.

*Discussion and Analysis*

Under the removal statute, "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a); see Arana v. Ochsner Health Plan, 338 F.3d 433, 437 (5th Cir. 2003) (en banc). The type of original jurisdiction at issue here is federal question jurisdiction, which covers cases "arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Courts typically ascertain the existence of federal-question jurisdiction by applying the "well-pleaded complaint" rule, under which "a case [generally] will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). An exception to the well-pleaded complaint rule exists for federal statutes that "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). Among those completely preempted claims are state-law claims seeking relief within the scope of § 502(a)(1)(B) of ERISA. Arana, 338 F.3d at 437; Aetna Health Inc. v. Davila, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d

312 (2004). Where complete preemption applies, federal subject matter jurisdiction exists. Arana, 338 F.3d at 435 (vacating remand order upon finding complete preemption).

ERISA's preemption clause states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (expressly excepting two situations not applicable here). As the court has previously observed: A state cause of action relates to an employee benefit plan whenever it has "a connection with or reference to such plan." Hubbard v. Blue Cross & Blue Shield Assoc., 42 F.3d 942, 945 (5th Cir. 1995) (citations omitted). To determine whether a claim is preempted by ERISA, the Fifth Circuit has directed application of a two-prong test, which asks: "(1) whether the claim addresses areas of exclusive federal concern and not of traditional state authority, such as the right to receive benefits under the terms of an ERISA plan, and (2) whether the claim directly affects the relationship among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." Hobson v. Robinson, 75 F. App'x 949, 953, (5th Cir. 2003).

Plaintiff's Petition for Authority to Settle and Compromise Doubtful Claim of Minor [6] seeks the following relief: (1) that after hearing AHP's assertions regarding its subrogation lien toward the Minor's proceeds, the Court will approve the payment of the sum of $75,000 for the exclusive use and benefit of the Minor; and (2) that after paying the attorney, the court will authorize the Guardians to execute a full Release to the insurance companies and deposit the settlement proceeds into a trust account established for the benefit of the Minor.

Mississippi Code Section 93-13-59 grants authority to guardians "empowered by the Court" to compromise claims of minors. The Mississippi Constitution further gives full jurisdiction of minor's business to the chancery courts of the State. See Miss. Code art. 6, §

159(d). Plaintiff argues that because the United States Supreme Court has frequently noted that in enacting ERISA "Congress [did] not intend to preempt areas of traditional state regulation" such as domestic relations, the claim at issue here is not preempted and the matter should be remanded. See FMC Corp. v. Holliday, 498 U.S. 52, 62, 111 S. Ct. 403, 112 L. Ed. 2d 356 (1990). Indeed, Plaintiff cites three Northern District of Mississippi cases in which the court has affirmatively held that ERISA does not preempt Mississippi law requiring chancery court approval of minor's settlements. See Clardy v. ATS, Inc. Employee Welfare Benefit Plan, 921 F. Supp. 394 (N.D. Miss. 1996); Bauhaus USA, Inc. v. Copeland, 2001 WL 1524373 (N.D. Miss. Mar. 9, 2001); Estate of Ashmore v. Healthcare Recoveries, Inc., 1998 WL 211778 (N.D. Miss. Mar. 25, 1998).

In Clardy, a state court action to recover a minor's medical expenses under the ERISA-governed plan was removed to the federal court. 921 F. Supp. at 396. The minor's parents filed suit to challenge the Plan's refusal to pay the minor's medical expenses based on an exclusion for expenses resulting from the participation in the commission of a felony or illegal activity. Id. n.2. No remand was filed, but the Plan filed a motion for partial summary judgment alleging that the separate subrogation agreement signed by the minor's parents entitled the Plan to a set off from the settlement proceeds if the court ultimately ruled in plaintiff's favor. Id. at 397.

The Court denied the partial summary judgment holding that the "reimbursement agreement" signed by the minor's parents on his behalf was invalid, as it was not approved by the chancery court. Id. Because Mississippi law requires chancery court approval of an assignment of a minor's right to insurance proceeds, the defendants argued that the state law claim was preempted by ERISA. The Court examined ERISA's broad preemption clause, as well as United States Supreme Court precedent, and held that "Mississippi law requiring a

4

Chancellor's approval before a parent may contract away a minor's legal rights is not preempted by ERISA in this case." Id. at 397-99, 401. The Court found that the area of domestic relations was an area traditionally governed by state law, and preemption of state laws concerning domestic relations was uncommon, even under ERISA. Id. at 398. The district court observed that "federal law will only preempt a state law pertaining to domestic relations if: 1) Congress has positively expressed its intent to preempt the state law and 2) the state law does major damage to the clear and substantial federal interest." Id. (citing Boggs v. Boggs, 849 F. Supp. 462, 465 (E.D. La. 1994); Hisquierdo v. Hisquierdo, 439 U.S. 572, 581, 99 S. Ct. 802, 59 L. Ed. 2d 1 (1979)). Finding that neither applied with respect to ERISA and protections for minor's rights in the state statute, the Court concluded that the lack of federal interest in the subrogation of an ERISA plan or administrator precludes preemption. The Court further opined that "[t]he administration of a minor's estate is entirely a matter of state law, and is law of general application which affects a broad range of matters entirely unrelated to ERISA plans . . . ." Id. at 399. Therefore, the statute is but a "state law of general application which has only an incidental effect upon an ERISA plan." Id.

This Court again faced the issue of subrogation of a minor's settlement in Estate of Ashmore v. Healthcare Recoveries, Inc., 1998 WL 211778 (N.D. Mar. 25, 1998). That case differs from the facts here in that the subrogation lien asserted was not an express provision in the ERISA plan, but an implied right of reimbursement by the plan. The court found no preemption "since adjudication does not require construing the ERISA plan." Id. at *2. However, the court further opined that "[e]ven if the parties' ERISA plan contained an express subrogation clause, Mississippi law requiring prior chancery court approval of assignment of a minor's rights to insurance proceeds would not be preempted by ERISA." Id. (citing Methodist

5

Hosp. of Memphis v. Marsh, 518 So. 2d 1227, 1228 (Miss. 1988) (written agreement executed by minor's mother not enforceable without prior chancery court approval); Clardy, 921 F. Supp. at 399 (domestic relations are traditionally matters of state law); 29 U.S.C. § 1144(b)(7) exempting qualified domestic relations orders from preemption under ERISA)).

Judge L.T. Senter encountered a declaratory action by an ERISA fiduciary asserting the plan was entitled to a minor's settlement proceeds pursuant to an express subrogation clause in the plan documents. Copeland, 2001 WL 1524373. The minor's guardian filed a motion to dismiss. The Court held that the question was "whether ERISA preempts the right of the state court to control the affairs of minors. If it does not, then the chancery court has jurisdiction to determine whether, under the 'made whole' doctrine, plaintiff's subrogation claim should be extinguished or reduced." Copeland, 2001 WL 1524373, *1. Citing Clardy, the district court explained the competing interests of protecting areas of traditional state concern and maintaining a uniform legal scheme for the enforcement of ERISA. Id. The Court then granted the motion to dismiss holding that plaintiff "is not entitled to a declaration from this court that its entire subrogation claim is valid and enforceable, that matter not having been completely preempted by ERISA . . . ." Id. at *2. Because there was no preemption, the Court lacked jurisdiction over the matter. Id.

The Court finds, based on the above-cited cases, and an understanding of Congress' intent with regard to preemption and those areas traditionally regulated by the states, that Plaintiff's claim for approval of the minor's settlement are not preempted by ERISA.

In addition to finding that Plaintiff's state law claim is not preempted, the Court additionally notes that Plaintiff's Petition does not affirmatively allege a federal cause of action

giving this Court jurisdiction, nor does AHP's claim to reimbursement constitute a claim under ERISA.

The civil enforcement provision of ERISA § 502(a) states:

> A civil action may be brought-- (1) by a participant or beneficiary-- . . .
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . .

29 U.S.C. § 1132(a)(1)(B). As noted above, Plaintiff's action concerns the approval of a minor's settlement. Indeed, as discussed in Estate of Ashmore, the chancellor's approval of the settlement of the underlying tort claim is the "mainspring of the proceedings." 1998 WL 211778 at *1 (citing Gen. Motors Corp. v. Gunn, 752 F. Supp. 729, 731 (N.D. Miss. 1990)). Plaintiff's request for settlement approval was not covered by ERISA's civil enforcement provision – the action was brought neither for the recovery of benefits or enforcement of rights under the plan, nor clarification of future benefits under the plan. Defendant argues that Plaintiff's request for adjudication of the validity and extent of the subrogation lien provides federal jurisdiction over all the claims and cites Arana v. Ochsner Health Plan, 338 F.3d 433 (5th Cir. 2003), as a basis for jurisdiction. Because this case concerns a minor's settlement as well as the guardian's authority to bind the minor by contract, the Court finds more helpful Bauhaus USA, Inc. v. Copeland, 292 F.3d 439, 442 (5th Cir. 2002), which is the appeal from Judge Senter's Copeland case.

On appeal, the Fifth Circuit failed to reach the preemption issue discussed above, but nevertheless affirmed the district court's dismissal holding that there was no federal cause of action pursuant to ERISA. Copeland, 292 F.3d at 442. The Fifth Circuit held that ERISA's civil enforcement provision failed to authorize plaintiff's suit, as the claim for reimbursement was a

claim for money due and owing under a contract and not an equitable remedy as required under ERISA. Id. at 443-45. Indeed, the Court, in comparing the Copeland case with the United States Supreme Court case Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002), noted the following:

> Both cases involve ERISA-governed employee benefit plans that include reimbursement provisions allowing the plans to recover from any settlement proceeds any amount the plans advanced for medical expenses resulting from third party wrong-doing. Third-party tortfeasors injured the plan beneficiaries in both cases, and the plans advanced funds to the beneficiaries for medical expenses. In both cases, the plan beneficiaries made tort settlements with third-party tortfeasors following suit in state court. In both, the plan administrator or assignee filed suit in the federal district court seeking declaratory relief that it was entitled to repayment of the benefits it had conferred. In the instant case, the settlement proceeds are in the registry of the Mississippi Chancery Court. In Great-West, the proceeds of the settlement were placed in a private Special Needs Trust outside the possession and control of the plan beneficiary.

Copeland, 292 F.3d at 445.

The Court finds this factual scenario on point with the contentions here. The AHP includes a "Rights to Subrogation and Reimbursement" provision that requires that the Plan be subrogated to all rights of recovery for medical expenses incurred and caused by third-party tortfeasors. The Minor, a covered person under the Plan, incurred medical expenses due to an automobile accident, and AHP paid those expenses. The Minor was offered a settlement, and sought to have the Chancery Court of Pontotoc County approve that settlement. The Petition for approval seeks to set up a trust for the exclusive use of the minor once she reaches the age of twenty-one. Therefore, based on the significant similarities between the Copeland case and this case, the Court finds that there is no federal jurisdiction over Plaintiff's claims as the Petition does not affirmatively allege a federal claim.

Indeed, the subrogation lien issue was initially raised to provide notice to the Chancellor and is not indicative of Plaintiff's claims. Plaintiff's reference to the lien issue was not an assertion of a claim, but a notification of a potential obligation to the chancellor. It is well-settled law that

> a case may not be removed to the federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is on the only question truly at issue.

<u>Caterpillar v. Williams</u>, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (citing <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 12, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

*Conclusion*

For the reasons cited, the Plaintiff's Motion to Remand [7] is GRANTED, and this cause is REMANDED to the Chancery Court of Pontotoc County.

SO ORDERED, this the 27th day of September, 2013.

              **/s/ Sharion Aycock**
              **U.S. DISTRICT JUDGE**